# SANTA FE LAKE DWELLERS ASSOCIATION, et al. v DEPARTMENT OF ENVIRONMENTAL REGULATION and SANTA FE PASS, INC.

## Case No. 85-4446

State of Florida, Division of Administrative Hearings

April 14, 1986

### APPEARANCES OF COUNSEL

**Frank E. Matthews, Hopping, Boyd, Green & Sams,** for petitioner.

**Brad Thomas,** Assistant General Counsel, Department of Environmental Regulation, for respondent.

### OPINION

ROBERT T. BENTON, II, Hearing Officer.

### *ORDER DENYING MOTION TO DISMISS*

By motion to dismiss, respondent Santa Fee Pass, Inc. (SFP)

contends that the request for hearing on SFP's application for a construction permit for a wastewater treatment and disposal facility should be dismissed as untimely, citing Rule 17-103.150, Florida Administrative Code. Petitioners Santa Fe Lake Dwellers Association, Inc. (Association) and Jim Notestein filed the requests with respondent Department of Environmental Regulation (DER) on November 21, 1985. The Association learned of SFP's application from the administrator of Alachua County on November 19, 1985, and so advised Mr. Notestein soon thereafter. Citing Rule 28-5.201, Florida Administrative Code, SFP contends that the hearing requests are insufficient as well as untimely. DER opposes the motion.

In a telephone conference call on January 23, 1986, it became clear that certain factual matters were pertinent to the motion to dismiss. The parties undertook to establish the facts by stipulation, but did not succeed completely. An evidentiary hearing took place on March 19, 1986.

### Interested Association

In response to SFP's proposal to develop certain property in Alachua County fronting on Lake Santa Fe, the Association, which is a Florida corporation not for profit, was formed in 1978 to protect natural resources in the vicinity. The Association alleges that it "has members who reside on and own land under Lake Santa Fe and near the construction site." The eastern edge of Lake Santa Fe forms part of the northeastern boundary of Alachua County. Most members of the Association reside in Alachua County, but Harold Hill, the Association's president, whose postal address is Melrose, Florida, the easternmost community in Alachua County, and some other Association members live in Bradford County.

As early in 1978, Mr. Hill and others met with William Watson, III, an SFP representative, to discuss development of the property. In all, Mr. Hill and other Association members have discussed the project with Mr. Watson, who is an officer or owner of SFP, four or five times. They have also met with SFP's Mr. LaCoe twice and three or four times with Mr. Cheshire, identified in correspondence as a director of SFP. These meetings related to SFP's development plans, occurred mostly, if not entirely, before the events of last fall, and were in addition to numerous encounters between SFP principals and Association members at public meetings where boards and commissions considered zoning or other matters germane to the SFP development. SFP has been aware for many years of the Association's concern about and keen interest in nearly every aspect of the SFP development on Lake Santa Fe.

## Notice Sought

On April 24, 1979, the Association filed with DER a "Petition of Request" signed by seven hundred individuals, which requested, among other things, "notification of any permit request or other action related to this development." Petitioner's Exhibit No. 2. This document is still in DER's files.

Several verbal requests from citizens in the area, asking to be notified of events pertinent to the SFP project, have reached Ernest Edwin Frey, district manager for DER's northeast district, within the last year. Mr. Frey has spoken twice in the last year with Mr. Hill, who asked each time for notice both of anything DER received from SFP and of any action DER might take with respect to the project. Mr. Frey testified without contradiction that he directed that Mr. Hill's requests for notice be reduced to writing and placed in an appropriate file.

## Notice Omitted

Through the conceded oversight of unnamed employee(s), DER failed to advise Mr. Hill or any other Association member either that SFP had filed an application for a permit to construct a wastewater treatment plant or that DER staff had notified SFP of its intent to issue the permit. By letter dated October 16, 1985, DER advised SFP:

Florida Administrative Code Rule 17-103.150 and Florida Statute 403.815 require that you publish a notice of proposed agency action at your own expense.

Please have the attached notice published one time only in the legal advertisement section of a newspaper of general circulation in Alachua County as soon as possible and no later than November 1, 1985.

Proof of publication shall be provided to the Department of Environmental Regulation within seven (7) days of publication. The processing of the application will be delayed until fourteen (14) days after receiving of the proof of publication. Failure to publish this Notice of Proposed Agency Action will be basis for denial of the permit.

On October 31, 1985, SFP caused the notice of intent to be published in the *High Springs Herald*, SFP's Exhibit No. 1, a weekly newspaper founded in 1952 and published on Wednesdays in High Springs, Florida, the westernmost community in Alachua County.

## Area Newspapers

The *High Springs Herald* has no subscribers in Melrose, which is some forty miles from High Springs. Although the *High Springs*

211

*Herald* has twenty-two newsstands in High Springs, Newberry, and Alachua, the closest of the newsstands to Melrose is 25 to 28 miles away. The county's principal newspaper, the *Gainesville Sun*, is published daily and has a circulation of 80,000. Another daily, the *Florida Alligator*, has a circulation of 30,000. The *Florida Independent Farmer and Rancher*, a weekly, has a circulation of 17,000 copies.

In addition to these newspapers, the *Florida Times-Union*, the *Palatka Daily News*, the *Bradford County Telegraph*, the *Lake Area News*, and the *Bradford County Monitor* are circulated in the vicinity of the SFP project. The *High Springs Herald* has the smallest circulation of any newspaper published in Alachua County. In addition to students of the University of Florida, 172,000 people live in Alachua County.

On average, the *High Springs Herald* published 2300 copies of each issue, of which it sold an average of 1858, during the year ended September 24, 1985. It had 908 subscribers who received the paper by mail during that period. The United States Post Office has audited these figures. As many as twenty Gainesville attorneys have caused legal notices to be published in the *High Springs Herald* as have Alachua County's sheriff and clerk of the circuit court. In 1985, the *High Springs Herald* published a total of 185 legal advertisements. Robert W. Sharkey and his wife Gillian are the publishers, editors, reporters, photographers, advertising salespersons and only employees of the *High Springs Herald*, which they acquired in 1968. Founded in 1952, it has a second-class mailing permit, No. ISSNO746-1046, and is published in English. The newspaper covers the city commissions of Alachua and High Springs and carries news of the schools in these towns, along with the news from Gainesville on livestock and other matters "of general interest to people in Alachua County."

### Timeliness

The statute which Rule 17-103.150, Florida Administrative Code, implements provides in pertinent part:

> Notwithstanding any provision of s. 120.60, the department may publish or by rule require the applicant to publish, or the applicant may elect to publish, in a newspaper of general circulation in the area affected, notice of proposed agency action on any permit application submitted under this chapter or chapter 253. The department shall require the applicant for a permit to construct or expand a solid waste facility to publish such notice . . .

> The secretary may, by rule, specify the format and size of such

notice. Within 14 days after publication of notice of proposed agency action, any person whose substantial interests are affected may request a hearing in accordance with s. 120.57. The failure to request a hearing within 14 days after publication of notice of proposed agency action constitutes a waiver of any right to a hearing on the application under s. 120.57. Section 403.815, Florida Statutes (1985)

That rules elaborates on the statutory requirements by specifying that notice be published "in the legal ad section of a newspaper of general circulation in the county where the activity is proposed." Rule 17-103.150(2)(b), Florida Administrative Code.

A different DER rule, governing publication of notice for purposes of the Transmission Line Siting Act, similarly requires publication "in a newspaper of general circulation within each county crossed," Rule 17-17.75(3)(a), Florida Administrative Code, and goes on to state:

A newspaper of general circulation is the newspaper which has the largest daily circulation within that county and whose principal office is in that county; if such newspaper has its principal office outside the county, then the notice shall appear in both that newspaper and in a newspaper authorized to publish legal notices within the county.

SFP argues that the omission of this definition from Rule 17-103.150, Florida Administrative Code, means that the phrase "newspaper of general circulation" should be interpreted differently when it appears in DER's "Public Notice of Application and Proposed Agency Action" rule than when it appears in DER's "Public Notice" rule pertaining to transmission lines.

But both rules use the identical phrase "newspaper of general circulation" to specify the medium in which notice is to be published. In both situations, publication serves the same purpose: to communicate the pendency of agency proceedings to members of the public whose substantial interests may be affected.

No reasons appears why the only definition of what constitutes a "newspaper of general circulation" in DER's rules should not be looked to before going outside DER's rules altogether, as SFP proposes. The case law SFP cites pertains for the most part to constructive service in judicial proceedings, which is typically allowed only where "personal service of process cannot be had." Section 49.021, Florida Statutes (1985) The underlying idea in both judicial and administrative contexts is to enlighten potentially affected persons by letting them know that official action may affect their interests, not to keep potentially affected persons in the dark.

The construction SFP urges for Rule 17-105.150, Florida Adminis-

213

trative Code, must also be rejected because it would bring the rule into conflict with the statute it was intended to implement. The statutory requirement is that publication occur in a newspaper circulated "in the area affected," Section 403.815, Florida Statutes (1985), not in another area 25 miles distant.

*Sufficiency*

Mr. Notestein's request for hearing, Petitioner's Exhibit No. 1, is deficient as to form, when measured against the particularized requirements of Rule 22I-6.04 and 28-5.201, Florida Administrative Code, while the Association's supplemental petition cures the deficiencies in its original hearing request.

It is, accordingly,

ORDERED:

1. Petitioner Jim Notestein's request for hearing is dismissed with leave to file an amended petition on or before April 26, 1986.

2. Respondent Santa Fe Pass, Inc.'s motion to dismiss is otherwise denied.

DONE AND ENTERED this 14th day of April, 1986, at Tallahassee, Florida.